IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| Joseph Lee Robertson, | ) | C/A No.: 3:12-3139-CMC-SVH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | REPORT AND RECOMMENDATION |
| SC Employment Security Commission, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

Plaintiff, proceeding *pro se* and *in forma pauperis,* filed this lawsuit alleging that Defendant wrongly denied him unemployment compensation. Pursuant to the provisions of 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2)(e) DSC, the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the district judge. For the reasons that follow, the undersigned recommends that the district judge dismiss the complaint in this case without prejudice and without issuance and service of process.

I.    Factual Background

Plaintiff asserts that he filed a claim for unemployment compensation in October 2008 after a work history of forty years. [Entry #1 at 3–4]. An employee of Defendant told Plaintiff his potential benefits were $326 per week for one year, for a total of $8,476, but he never received any payments. *Id*. Plaintiff asks for compensatory and punitive damages. *Id*.

II.     Discussion

    A.     Standard of Review

Plaintiff filed his complaint pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action fails to state a claim on which relief may be granted or is frivolous or malicious. 28 U.S.C. § 1915(e)(2) (B)(i), (ii). A finding of frivolity can be made where the complaint lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). A claim based on a meritless legal theory may be dismissed *sua sponte* under 28 U.S.C. § 1915(e)(2)(B). *See Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

*Pro se* complaints are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). A federal court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). When a federal court is evaluating a *pro se* complaint, the plaintiff's allegations are assumed to be true. *Fine v. City of N.Y.*, 529 F.2d 70, 74 (2d Cir. 1975). The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so. Nevertheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim

currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990).

  B. Analysis

  Plaintiff may bring this lawsuit in federal court only if the court has subject matter jurisdiction over the case. Federal courts are courts of limited jurisdiction, "constrained to exercise only the authority conferred by Article III of the Constitution and affirmatively granted by federal statute." *In re Bulldog Trucking, Inc.*, 147 F.3d 347, 352 (4th Cir. 1998); *see also Nat'l Fed. of Independent Bus. v. Sebelius*, 132 S.Ct. 2566, 2576 (2012) (explaining that the federal government possesses only limited powers). Because federal courts have limited subject matter jurisdiction, there is no presumption that the court has jurisdiction. *Pinkley, Inc. v. City of Frederick*, 191 F.3d 394, 399 (4th Cir. 1999). Accordingly, a federal court is required *sua sponte* to determine if a valid basis for its jurisdiction exists "and to dismiss the action if no such ground appears." *Bulldog Trucking*, 147 F.3d at 352; *see also* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

  "[T]he facts providing the court jurisdiction must be affirmatively alleged in the complaint." *Pinkley,* 191 F.3d at 399. Rule 8(a)(1) requires that the complaint provide "a short and plain statement of the grounds for the court's jurisdiction[.]" If, however, the complaint does not contain "an affirmative pleading of a jurisdictional basis[,] a federal court may find that it has jurisdiction if the facts supporting jurisdiction have been clearly pleaded." *Id.* Although the absence of subject matter jurisdiction may be raised at any

time during the case, determining jurisdiction at the outset of the litigation is the most efficient procedure. *Lovern v. Edwards*, 190 F.3d 648, 654 (4th Cir. 1999).

If a plaintiff alleges that his action arises under the Constitution or laws of the United States, 28 U.S.C. § 1331 may provide federal question jurisdiction. Here, Plaintiff has brought suit against a state agency for an alleged violation of rights pursuant to state law. Such a claim does not arise under the Constitution or laws of the United States. Therefore, the court cannot exercise jurisdiction pursuant to 28 U.S.C. § 1331.

A civil action for a plaintiff's state law claims may be filed in a federal court under the diversity statute, 28 U.S.C. § 1332, if that statute's requirements are satisfied. *See Cent. W. Va. Energy Co. v. Mountain State Carbon, LLC*, 636 F.3d 101, 103 (4th Cir. 2011). With the exception of certain class actions, the diversity statute requires complete diversity of parties and an amount in controversy in excess of $75,000. *See id.*; 28 U.S.C. § 1332(a). Complete diversity of parties in a case means that the citizenship of every plaintiff must be different from the citizenship of every defendant. *Cent. W. Va. Energy Co.*, 636 F.3d at 103. As Plaintiff appears to be a South Carolina citizen and is suing an agency of South Carolina, Plaintiff has failed to allege that he and Defendant are diverse parties. Because complete diversity is lacking, this court cannot exercise diversity jurisdiction over this action.

Even if this court could exercise diversity or federal question jurisdiction over this case, Defendant is nevertheless immune from Plaintiff's claims. The Eleventh Amendment to the United States Constitution divests this court of jurisdiction to entertain

a suit for damages brought against the State of South Carolina or its integral parts. Defendant is a South Carolina state agency and is entitled to Eleventh Amendment immunity in this case. The State of South Carolina has not consented to suit in a federal court. The South Carolina Tort Claims Act, at S.C. Code Ann. § 15-78-20(e), ("SCTCA"), expressly provides that the State of South Carolina does not waive Eleventh Amendment immunity, consents to suit only in a court of the State of South Carolina, and does not consent to suit in a federal court or in a court of another state. *See McCall v. Batson*, 329 S.E.2d 741, 743 (S.C. 1985). Accordingly, the undersigned recommends this case be summarily dismissed.

III.   Conclusion

For the foregoing reasons, it is recommended that this case be dismissed without prejudice and without issuance and service of process.

IT IS SO RECOMMENDED.

*[signature: Shiva V. Hodges]*

February 13, 2013                                          Shiva V. Hodges
Columbia, South Carolina                          United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).